## Lovasz, Appellant, v. Carnegie Steel Co.

*Workmen's compensation—Death—Commuted payments—Protection of minor's interests—Payment to widow.*

1. The Workmen's Compensation Board in commuting payments made for the death of a workman, has no authority to direct payment of the whole commuted sum to the widow, without protecting the minor children of the decedent. In such a case the widow is not entitled to have the payments commuted without the joinder of a guardian acting under the authority of the court.

2. The standing of the children is just as high as that of the widow when commutation is asked, and while the fund as such may not be divided, the children's interest is, nevertheless, such an interest as will entitle them to be party to any proceeding looking toward commutation.

3. Whenever the Workmen's Compensation Act is silent with respect to the adjustment of any particular claim or interest in a fund allowed by it, or the orderly administration of this fund to preserve such interest, the law, as it previously existed, will step in and fill the gap which might otherwise occur.

4. As the act is silent as to the proper care of minor children's interest in a commuted fund, the court will enforce the remedy that would ordinarily apply had such fund been under administration as the estate of a minor.

Argued October 13, 1919. Appeal, No. 37, Oct. T., 1919, by plaintiff, from order of C. P. Allegheny Co., Jan. T., 1919, No. 517, reversing decision of Workmen's Compensation Board in case of Annie Lovasz v. Carnegie Steel Company. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of Workmen's Compensation Board. Before CARNAHAN, J.

The court reversed the decision of the board. Plaintiff appealed.

*Error assigned* was in reversing the decision of the board.

*Charles W. Frankel,* for appellant.—The language of
the act is so clear and convincing that it can hardly be
doubted but that the widow was to receive the allowance
for her three hundred weeks and this in effect is what
has been decided by this court in the late cases of Irvin
v. Frost & Co., 262 Pa. 354; Catlin v. Pickett & Co., 262
Pa. 352.

*John G. Frazer* and *Reed, Smith, Shaw & Beal,* for ap-
pellee, were not heard.

OPINION BY MR. JUSTICE KEPHART, January 5, 1920:

This is an appeal from the Common Pleas of Alle-
gheny County reversing an award commuting compensa-
tion payments by the workmen's compensation board.
The order was made on the petition of the widow with-
out joinder of a legal representative of three minor chil-
dren.   The compensation agreement called for payment
of fifty-five per cent of deceased's wages.   The authority
of the board to commute compensation in which the
minors have an interest and direct payment to the wid-
ow without protecting those interests is here challenged.
The Compensation Act contemplates the payment of a
percentage of the wages that an employee had received
at intervals corresponding to the time at which he would
have received his wages had he not been injured.   Com-
mutation is the exception to the rule, for the reason that
lump sum payments are often quickly dissipated and
do not afford the regular relief so necessary to the widow
and orphans.   Commutation is only permitted when it
appears that the best interests of the employee and his
dependents are to be served and when it will avoid undue
hardship.   Undoubtedly, in cases of death, the primary
thought of the legislature was the care of the minor
children who might otherwise be destitute, and the sur-
viving widows.   In the award of compensation, children
receive first consideration and, to give full effect to the
humane purposes of the act, their interests must always

be carefully guarded. While the compensation payable at stated intervals is given to the widow, this does not vest in her the absolute right to squander the money and deprive the children of the support intended by the law, as the State, acting through one of its designated agencies, will, when called upon, see that the fund is properly applied. It is, therefore, an incorrect statement to say she can refuse to spend the money for care and maintenance of the children and leave them without such attention. The act gives to the children such an interest in the compensation as can be laid hold of by the courts, and its ultimate disposition controlled; particularly is this so when such compensation assumes the shape of a commuted payment and the widow receives in one sum all payments for three hundred weeks. Section 307 first provides: "To the child or children, if there be no widow nor widower entitled to compensation, twenty-five per centum of wages of deceased, with ten per centum additional for each child in excess of two, with a maximum of sixty per centum, to be paid to their guardian." It then provides: "To the widow or widower, if there be no children, forty per centum of wages." The legislature thereafter, having no doubt determined that too heavy a burden would fall on the employer by adding these two percentages, adopted a graduated scale in the following manner: To the widow or widower, if there be one child, forty-five per centum of wages; two children, fifty per centum; three children, fifty-five per centum; and if there be four or more children, sixty per centum. No guide is given as to the relative per cent the children's interest would represent in these various distributions. It is certainly some part of it and surely not less than the difference between the amount the widow would receive without children and with children, and, though the regular amounts are payable to the mother for the support and maintenance of herself and children, such payment does not extinguish the children's interest. Thus far the

legislature has directed how the periodical payments of future amounts shall be made. Section 316 directs how compensation may be commuted; it can only be after notice and for the best interests of the employee, or his dependents. The standing of the children is just as high as that of the widow when commutation is asked, and, while the fund as such may not be divided, the children's interest is, nevertheless, such an interest as will entitle them to be party to any proceeding looking toward commutation. As the Compensation Act established a new remedy for the determination of claims arising from personal injuries in industrial pursuits, it took away from those brought within its terms such common law or statutory rights as were formerly applicable thereto and substituted therefor the regulations laid down by the Compensation Act. Wherever the act is silent with respect to the adjustment of any particular claim or interest in a fund allowed by it, or as to the orderly administration of this fund to preserve such interest, the law, as it previously existed, will step in and fill the gap which might otherwise occur. With respect to the question now before us, the children having an interest in the sums awarded, and the act being silent with respect to the proper care of their interest in this fund in certain contingencies, the courts will enforce the remedy that would ordinarily apply had such fund been under administration as the estate of a minor. As the act is silent as to what should be done under these circumstances, and, not having declared the mother, as the natural guardian, should act for the children, binding them and relieving the employer, the only course that could be followed would be that outlined by the law when the estate of minor children is under consideration.

We need not here determine the extent to which the widow's interest considered alone might be commuted.

Upon careful consideration, we are of the opinion that the widow was not entitled to have the payments com-

muted without the joinder of a guardian acting under the authority of the court.

The decree of the court below is affirmed at the cost of the appellant.