# Ferdisko *v.* Trimble & Sons Co. et al., Appellants.

*Workmen's compensation—Widow—Remarriage of widow—Compensation to children.*

1. Under the Workmen's Compensation Act of June 26, 1919, section 307, par. 4, P. L. 642, amending the Act of June 2, 1915, P. L. 736, where a widow remarries after having received compensation for a number of weeks, she is entitled to weekly compensation for one-third of the remaining 300 weeks, but not exceeding 100 weeks.

2. The children's compensation in such case, does not commence at the date of the widow's remarriage, but is postponed until after she has ceased to receive compensation.

Argued October 10, 1921. Appeal, No. 110, Oct. T., 1921, by defendants, from judgment of C. P. Allegheny Co., April T., 1921, No. 1556, affirming decision of Workmen's Compensation Board, in case of Annie Ferdisko *v.* W. F. Trimble & Sons Co., defendant, and Ætna Life Ins. Co. and Travelers Ins. Co., insurance carriers. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Order modified.

Appeal from decision of Workmen's Compensation Board. Before STONE, J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Defendants appealed.

*Error assigned,* inter alia, was above order, quoting it.

*John M. Reed,* with him *Frank P. Martin,* for appellants.—The proviso is repugnant to the enacting clause of the statute and confers no rights on the widow to compensation after remarriage: Portuondo's Est., 191 Pa. 28; Ihmsen v. Nav. Co., 32 Pa. 153.

*Austin L. George,* with him *William D. Grimes,* for appellee.—The proviso is not repugnant to the enacting

clause of the statute: Portuondo's Est., 191 Pa. 28; Ihmsen v. Nav. Co., 32 Pa. 153; Baldoff v. University, 7 Dept. R. 66; Fabian v. Coke Co., Id. 290; Pobloski v. Coke Co., Id. 1000.

OPINION BY MR. JUSTICE SADLER, January 3, 1922:

John Ferdisko was killed while engaged in the regular course of business of the Trimble & Sons Company, leaving to survive him a widow and five minor children. In December of the same year, a claim petition was presented, the wife having in the meantime remarried. An award of compensation was made to begin as of June 28, 1920. To the widow was given 60 per cent of the wages, not exceeding twenty dollars, this being the rate fixed by the Act of 1915 (June 2, 1915, P. L. 736), as amended (Act June 26, 1919, section 307, par. 4, P. L. 642). The allowance was directed to be paid until November 25, 1920, the date of the remarriage. An additional award was made to her of 40 per cent for one-third of the remaining 300 weeks, under the proviso in paragraph 7 of section 307 of the Act of 1919, and of 60 per cent from the same date to the minor children, until the end of the 300-week period, the allowance being then reduced in accordance with the terms of this act, continuing, however, in each case until the age of sixteen was reached. An appeal was taken from this ruling of the board to the court of common pleas, which approved the finding. This decision we are asked to review.

The difficulty which has arisen is due to the amending Act of 1919. Under the terms of the earlier legislation the widow became entitled to compensation for three hundred weeks. This sum was for the support of herself and children, and not exclusively for her own benefit. If the award to her was commuted, the minor children were entitled to protection, for their interests were likewise affected. In Lovasz v. Carnegie Steel Co., 266 Pa. 84, 86, we said: "While the compensation payable at stated intervals is given to the widow this does not

vest in her the absolute right to squander the money and deprive the children of the support intended by the law, as the State, acting through one of its designated agencies, will, when called upon, see that the fund is properly applied. It is, therefore, an incorrect statement to say she can refuse to spend the money for care and maintenance of the children and leave them without such attention." If she remarried, the payment to her ceased at once, and was applied thereafter for the benefit of the minors alone, it being apparently assumed that the new relationship would interfere with the furnishing of proper support to the children.

This legislative policy was modified by the Act of 1919 (section 307, par. 7), which now directs: "Provided, however, that upon the remarriage of any widow, other than a nonresident alien widow, the employer shall pay to such widow the then value of the compensation payable to her, during one-third of the period during which compensation then remains payable but not exceeding one hundred weeks, calculated in accordance with the provisions of section 316 of this article."

The learned court below was of the opinion that this gave to the widow a commuted sum for her own use, and continued at the same time the full compensation for the children during the balance of the 300-week period, and thereafter at different rates until the age of sixteen was reached. To so hold would subject the employer to an additional financial burden, brought about through no fault of his own. The language of the amending act does not justify the inference that such was the purpose. Additional words would have to be added to reach that conclusion, and this will not be done unless necessary to carry out a plain legislative intent: Catlin v. Pickett & Co., 262 Pa. 351.

Under the earlier law, the compensation ceased entirely upon remarriage. The result was to discourage the widow from such action, and encourage in place thereof the formation of illicit relationships, so that the

payments should not be lost. It was to remedy this situation that the new plan was devised. Instead of having all payments withdrawn from her, though presumably her minor children will still be in her care, a commuted sum was provided for assistance, it may be, in forming the new household. It is to be kept in mind that the original compensation was not for her sole benefit, but for the joint support of the family. She had but a fractional interest in the payments, though receiving them all. Originally, she lost even that portion when she remarried, but now is permitted to retain part for a limited period of time. The care of the children must continue as well, and the moneys paid must be used also for their maintenance. Paragraph seven, further amending the Act of 1915, permits the board to appoint a guardian when necessary to protect them, or to direct payments to the surviving parent, requiring a bond, with an accounting of receipts and disbursements, to insure proper application of the fund.

The doubt which has arisen in this case, as to the effect of the proviso, is largely caused by the language of the sentence following it, which reads: "If the compensation payable under this section to any person shall, for any cause, cease, compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased." The use of the word "thereafter" has been taken by the court below as conclusively indicating that the award to the minors shall begin as of the date of the remarriage, and the making of the commuted payment to the widow; but the section as a whole must be considered in searching for the legislative purpose. The clause in question is the same as that appearing in paragraph 9, section 307, of the Act of 1915. When there used it was appropriate, for all interest of the widow ceased with the remarriage, and the children acquired from that date the right to the entire award. Here, the

situation differs, for the widow receives a sum for a further period, but for use of the entire family, as if she had not remarried. A contrary construction would lead to increased burdens upon the employer, which the act shows no purpose to assess.

It follows that the final order of the common pleas must be modified as to the amounts awarded; therefore, it is now decreed that Annie Ferdisko is to be paid compensation, at the rate of 60 per cent of $20 per week, from June 28, 1920, to November 25, 1920, with interest; and a like sum for 92 19/21 weeks thereafter, for the support of herself and children, calculated in accordance with the provisions of section 316 of the Workmen's Compensation Act of 1915. From the expiration of this period, September 14, 1922, at the rate of 60 per cent of $20, or $12, to Mary, Catherine, John, Rosa and Anthony Ferdisko, to December 5, 1924, when Mary becomes sixteen years of age; then at the rate of $10 to the other children, until March 27, 1926, the end of the 300-week period. From that date, compensation is awarded to Catherine, John, Rosa and Anthony, at the rate of 45 per cent of $20, or $9 per week, until May 28, 1927, when Catherine becomes sixteen; then to the remaining three at 35 per cent, or $7 per week, until July 10, 1929, when John reaches the age of sixteen; then to Rosa and Anthony at 25 per cent of $20 per week, or $5, until December 11, 1913, when Rosa becomes sixteen, and from that date at the rate of 15 per cent, or $3, to Anthony, until March 15, 1933, when he attains the age of sixteen.