## Hall, Appellant, *v.* Jones & Laughlin Steel Co.

*Workmen's compensation—Awards—Commutation — Widows — Remarriage—Refunding bond to employer.*

Under the provisions of the Workmen's Compensation Law there is no authority in the court on appeal from an award, to require a refunding bond from a widow to repay commuted compensation, in the event of her remarriage.

The Workmen's Compensation Act is remedial and is to receive liberal construction.

The power to commute is given by the act. Its exercise depends upon the finding of the board that it will be for the best interests of the employee, or the dependents of the deceased employee, that it will avoid undue expense or undue hardship to either party, or the removal of the beneficiary out of the country or the disposal of the employer of his assets in whole or in greater part. When the facts are found by the Workmen's Compensation Board in regard to these conditions the presumption is that the board has employed a wise discretion and the right to allow commutation follows.

There is nothing in the act to indicate that the relations between the employer and employee are not definitely settled upon payment of the commuted award.

Argued April 28, 1922. Appeal, No. 17, April T., 1922, by plaintiff, from order of C. P. Allegheny County, April T., 1921, No. 2003, reversing award of the Workmen's Compensation Board in the case of Daisy Franks Hall v. Jones & Laughlin Steel Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Appeal from award of Workmen's Compensation Board commuting compensation to widow. Before FORD, J.

304 HALL, Appel., *v.* JONES & LAUGHLIN STEEL CO.

The facts are stated in the opinion of the Superior Court.

The court sustained the appeal and set aside the award of the Workmen's Compensation Board. Plaintiff appealed.

*Error assigned* was the order of the court.

*Charles H. Young,* and with him *Francis H. Bohlen,* for appellant.—The Workmen's Compensation Board acted within its discretionary power in commuting compensation and the court of common pleas had no authority to reverse the order or require a refunding bond: Lovasz v. Carnegie Steel Co., 266 Pa. 84; Garity v. Bituco Mfg. & Chemical Co., 8 Department Reports 239; Plotskie v. Colonial Colliery Co., 2 Mackey 100; Honnold on Workmen's Compensation, vol. 1, page 653.

*William A. Challener,* and with him *Frank McC. Painter,* for appellee.

OPINION BY TREXLER, J., July 13, 1922:

The plaintiff, a widow without children, petitioned the Workmen's Compensation Board to commute the compensation payable to her in periodical payments on account of the death of her husband, giving as her reason that she desired to purchase a property and establish a boarding house. The Board, after investigation, granted her petition and ordered that she be paid a lump sum, being the present value of the periodical payments. From the award the defendant appealed to the Court of Common Pleas of Allegheny County which set aside the award. The Act of 2d of June, 1915, P. L. 736, section 316, provides "The compensation contemplated by this article may at any time be commuted by the Board, at its then value when discounted at five per centum interest, with annual rests, disregarding the probability of the beneficiary's death, upon application

of either party, with due notice to the other, if it appear that such commutation will be for the best interest of the employee or of the dependents of the deceased employee, and that it will avoid undue expense and undue hardship to either party, or that such employee or dependent has removed or is about to remove from the United States, or that employer has sold or otherwise disposed of the whole or the greater part of his business or assets.   Except as provided in Section 310 hereof, and in this section, no commutation of compensation shall be made."   Section 310 refers to aliens and is in relief of the employer.   Section 307 provides that should the widow remarry the compensation shall cease.   (The act of 1921 has changed this but does not apply to the present case.)   The lower court, in reversing the Board, put its action on the ground that the rights of both parties are to be considered and that the marriage of the widow after she obtained the compensation would defeat the declared purpose of the act, that she should not receive any further compensation after such event; that the employer had a contingent interest in the fund depending upon the remarriage of the widow and that such interest must be safeguarded either by a refunding bond or a bond of indemnity as security against such part of the award as had not been paid prior to the claimant's remarriage.

The power to commute is given by the act.   Its exercise depends upon the finding of the board that it will be for the best interests of the employee, or the dependants of the deceased employee, that it will avoid undue expense or undue hardship to either party, or the removal of the beneficiary out of the country or the disposal of the employer of his assets in whole or in greater part.   When the facts are found by the Commission in regard to these conditions, the presumption is that the Commission has employed a wise discretion and the right to allow commutation respectively follows.   We may also presume that the legislature has expressed its

whole thought in regard to the subject-matter of compensation. The lower court has, however, added another proviso which is; that in order to obtain the compensation, the widow must provide for and secure the refund of the money in ratable proportion upon her marriage. The shortest answer to this is that the act does not say so. The enforcement of such provision would defeat the purpose of the act in regard to widows. The act is remedial and is to receive a liberal construction. It would only be in cases where the widow has friends of means that such security could be given, and where the need was direst the power to get the money would generally not exist. There is nothing in the act to indicate that the relations between the employer and employee are not definitely settled upon payment of the commuted award. Any contingencies involved before then disappear. The court below seems to have relied upon the case of Lovasz v. Carnegie Steel Co., 266 Pa. 84, wherein the court says "Wherever the act is silent with respect to the adjustment of any particular claim or interest in a fund allowed by it, or as to the orderly administration of this fund to preserve such interest, the law, as it previously existed, will step in and fill the gap which might otherwise occur." We do not think this case applies. It was there held that as the sum paid was for the support of the widow and children and not exclusively for her, if the award were commuted, the children were entitled to protection for their interests were likewise affected. See also Ferdisko v. Trimble & Sons Co., 272 Pa. 125. This action of the court was in aid of the act and to carry out its provisions as to the children so that they might not be deprived of the benefit of the act. If the act had provided that in the event of the widow's marriage, she being childless, the proportionate amount of the commuted award would go to the employer, he would have an interest which could be protected. The act, however, closes the door when the award is made and his interest in it is at an end when he pays

it.  Should the widow marry, it might appear that the employer was wronged but the evils resulting from the requiring of a bond from the widow would be greater in view of the results than the possibility of the widow getting more than she ought to have.  In any event, this we think would be a matter for the legislature and not for the courts.  The matter of granting the commutation is within the proper discretion of the board and there it should be allowed to remain.  The judgment of the common pleas court is reversed and the award of the compensation board affirmed.