## McGilley v. Markovitz Brothers, et al., Appellants.

*Workmen's Compensation Act—Section 307—Death—Re-marriage of widow—Minor children—Payment of compensation to guardian— Act of June 26, 1919, P. L. 642, Section 2.*

The Act of June 26, 1919, P. L. 642, Section 2, providing that "if there be no guardian or committee of any minor—on whose account compensation is payable, the amount payable on account of such minor—may be paid to any surviving parent, or to such other person as the Board may order and direct," does not apply where the accident occurred prior to January 1, 1920.

Prior to the Act of 1919 no discretion was given to the Workmen's Compensation Board to direct to whom such payment should be made.

Under the provisions of Section 307 of the Workmen's Compensation Act of 1915, compensation to minors, upon the re-marriage of their mother, becomes payable to their guardian, and the liability of an employer to make such payments cannot be avoided by paying to the widow or any person other than the guardian  of the minors.

Where such money has been paid erroneously to the widow the employer must look to her for reimbursement.

Argued October 18, 1926.  Appeal No. 213, October T., 1926, by defendant, from judgment of C. P. No. 2, Philadelphia County, June T., 1925, No. 16080, in the case of Rose A. McGilley v. Markovitz Brothers, Defendants, New Amsterdam Casualty Co.  Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ.  Affirmed.

Appeal from award of Workmen's Compensation Board.  Before GORDON, JR., J.

The facts are stated in the opinion of the Superior Court.

The court below dismissed the appeal and affirmed the award of the Workmen's Compensation Board. Defendants appealed.

*Error assigned,* was the judgment of the court.

*Raymond White, Jr.,* and with him *Stanley B. Rice,* and *Maurice W. Sloan,* for appellants.

*Todd Daniel,* and with him *Henry Temin,* for appellee.

PER CURIAM, November 9, 1926:

This is an appeal from the judgment of the court below affirming a decision of the Workmen's Compensation Board. On October 24, 1919, Felix McGilley was killed in an accident. He left to survive him his widow, Rose McGilley, and one child. A compensation agreement was entered into providing for the payment of $9 per week to the widow. Under the Act of 1915, P. L. 736, the widow, with one child, was entitled to 45% of the wages. This widow remarried on March 8, 1923, and thereupon ceased to be entitled to any benefits under the statute, but the child or children thereupon became entitled, under the provisions of section 307 of the Act, to 25% of the wages of deceased, or, in this case $5 per week, "to be paid to their guardian." These appellants did not know that the widow had remarried and they have paid nothing to the guardian of the child, but continued to pay $9 per week to the widow down until August 1, 1925, or during the entire 300 weeks that the widow was entitled to compensation. Upon the determination of the 300 week period the appellants discovered that the widow had remarried in March, 1923, and thereupon presented their petition to the Workmen's Compensation Board for review of the compensation agreement, in their petition averring that they were entitled to have the entire amount which they had mistakenly paid to the widow after her remarriage, credited upon, or deducted from, the amount which under the law they were required to pay to the guardian of the child. The referee found that the appellants must pay to the guardian of the child the sum of $5 per week from

March 8, 1923, when the widow remarried, down to August 1, 1925, at the expiration of the 300 week period, and the sum of $3 per week from August 1, 1925, to December 17, 1935, when the child shall reach the age which limits his right to compensation under the statute. This finding was affirmed by the Workmen's Compensation Board and by the court below.

The provisions of the statute involve no ambiguity, they are clear and distinct. When the widow remarried the appellants at once became liable to pay to the guardian of the child $5 per week until the expiration of the 300 week period. That liability could not be avoided by paying to the widow or any person other than the guardian of the child, under the law then existing. The appellants contend that they were warranted in making payment to the widow of the amount to which the child was entitled, because of the provisions of section 2 of the Act of 1919, P. L. 642, enacting that: "If there be no guardian or committee of any minor......on whose account compensation is payable, the amount payable on account of such minor ......may be paid to any surviving parent, or to such other person as the Board may order and direct." This contention cannot be sustained, for section 5 of the Act of 1919 provides that: "The provisions of sections 1, 2 and 3 of this Act shall not apply to any accident occurring prior to mid-night on the thirty-first day of December, one thousand nine hundred and nineteen." The schedule of payments and to whom payable are governed entirely by statute and until the amendment of 1919 no discretion was given to the Workmen's Compensation Board to direct to whom such payment should be made. The appellants must look to the widow for reimbursement of the moneys which they paid through mistake.

The judgment is affirmed.