## Rose DiLorenzo et al. *v.* Carnegie Steel Company, Appellant.

*Workmen's compensation—Commutation—Marriage of widow—Children's share—Acts June 2, 1915, P. L. 736; June 26, 1919, P. L. 642.*

On appeal from an order of the Workmen's Compensation Board readjusting the compensation of three children after the remarriage of the widow, it appeared that the widow and the guardian of the children had secured a partial commutation by agreement with the employer.

In such case it was error for the Compensation Board to charge against the children's weekly compensation, accruing after their mother's remarriage, the entire amount of the commuted payments, thus, in effect, making the children pay back to the employer the commuted sum paid on account of the widow.

Under such circumstances the amount commuted on account of the widow is not recoverable by the employer, but the amount commuted on account of the children can be charged against the compensation due them from the time of the widow's remarriage. The commuted sum chargeable to the children is in the proportion of their share of the original compensation, which under the provisions of the Act of June 2, 1915, P. L. 736, in the case of a widow and three children is one-third.

Argued April 20, 1927. Appeal No. 33, April T., 1927, by defendant from judgment of C. P. Lawrence County, March T., 1926, No. 129, modifying order of Workmen's Compensation Board in the case of Rose DiLorenzo, widow, and Lawrence Savings and Trust Company, guardian of minor children of William DiLorenzo, claimants, v. Carnegie Steel Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Modified.

Appeal from award of Workmen's Compensation Board. Before HILDEBRAND, P. J.

The facts are stated in the opinion of the Superior Court.

The court modified the order of the Compensation Board. Defendant appealed.

*Error assigned* was the judgment of the Court.

*Harry K. Gregory,* for appellant.—The total commutation was chargeable against the amount due the children. Lubanski v. D. L. & W. R. R. Co., 81 Pa. Superior Ct. 538; Ferdisko v. Trimble & Sons, 272 Pa. 125; Lovasz v. Carnegie Steel Co., 266 Pa. 84.

*W. J. Caldwell,* of *Hugus & Caldwell,* for appellee.— The payments due the children are chargeable only to the extent of the children's interest in the compensation originally commuted: Hall v. Jones & Laughlin Steel Company, 79 Pa. Superior Ct. 303; McGilley v. Markovitz Bros., 89 Pa. Superior Ct. 170.

OPINION BY KELLER, J., July 8, 1927:

William DiLorenzo, an employee of the Carnegie Steel Company, while in the course of his employment received injuries from which he died on May 9, 1923. He left surviving him a widow, Rose DiLorenzo and three children under sixteen years of age, to wit, Mary, born March 2, 1916, Andrew, born October 6, 1917, and Nicholas, born July 5, 1921. The Lawrence Savings & Trust Company is the guardian of the children.

A compensation agreement was entered into between the widow and the Carnegie Steel Company providing for the payment of $12 per week, (being 60% of the employee's weekly wage, $20)· for herself and three children, beginning May 18, 1923 and to run for 300 weeks, at the end of which period certain payments were to be made the children until they should severally

arrive at the age of sixteen years, in accordance with the ruling in Catlin v. Pickett & Co., 262 Pa. 351.

On January 18, 1924, after 35 weekly instalments of $12 each had been paid the widow under said compensation agreement, she and the children's guardian secured from the Workmen's Compensation Board a commutation of $7.68 per week for the purpose of paying off a mortgage of $1800 on the home of which William DiLorenzo died seized intestate, and the weekly payment under the agreement was thereafter reduced to $4.32 which was payable to the widow for the benefit of herself and children aforesaid.

On June 9, 1924, the widow remarried, but gave no notice thereof to the employer which continued to pay her the weekly sum of $4.32 until March 4, 1925, when it filed its petition to modify the compensation agreement because of her remarriage and asked the Board to fix the amount due the widow following her marriage and the compensation to be paid to the guardian of the children during the balance of the 300 week period.

On the date of the widow's remarriage there were 244 2/7 weeks of the 300 week period yet to run, so that under the Act of June 26, 1919, P. L. 642, amending section 307 of the Workmen's Compensation Act of 1915 (P. L. 736) she was entitled to receive "for the joint support of the family" (Ferdisko v. Trimble & Sons Co., 272 Pa. 125, 128), the amount of said agreed balance of weekly compensation of $4.32, for 81 11/21 weeks from the date of her marriage, June 9, 1924, or until January 1, 1926, calculated in accordance with the provisions of section 316 of the Act, or $339.09, less $155.52 paid her since her marriage.

The question at issue is how much is to be paid the guardian of the children from and after January 1, 1926, for the period of 163 weeks remaining out of the 300 week period.

Had there been no children the widow would have

received 40% of the employee's weekly wage of $20, or $8 per week. By reason of having three children she received 60%, or $12, as weekly compensation for herself and the children. It is clear that part of this 60% so received by her was for the account of her children, and had she neglected them or refused to apply any part of it for their benefit the courts would have protected their rights in it, which were "surely not less than the difference between the amount the widow would receive without children and with children": Lovasz v. Carnegie Steel Co., 266 Pa. 84, 86; for "though the regular amounts are payable to the mother for the support and maintenance of herself and children, such payment does not extinguish the children's interest": Ibid, p. 86. In McCaney v. Maple Glen Coal Co., 281 Pa. 298, the Supreme Court made this still more definite by adopting the language of President Judge SHAFER of the court below, as follows (p. 300): "The Workmen's Compensation Act of 1919, sec. 307, provides that 'the board may, if the best interest of a child or children shall so require, at any time order and direct the compensation payable to a widow or widower on account of any child or children to be paid to the guardian of such child or children,' etc. It seems very plain, this recognizes that a part of the money given to a widow where there are children is payable 'on account' of the children and in the cases where sixty per cent is payable, forty to a widow without children and sixty to a widow where there are three children......*that this twenty per cent is what is referred to in the act as the compensation payable on account of the children.*"

It would seem, then, that of the 60% of the employee's wage, or $12, so paid this widow for herself and three children, 40% or two-thirds was on the widow's own account and 20% or one-third was payable on account of the children; and, in the absence of express

direction to the contrary, this would apply to the weekly amount commuted for paying off the indebtedness on the home as well as the weekly balance yet to be paid thereafter; i. e. two-thirds of the weekly payment of $7.68 commuted to pay off the mortgage, or $5.12, was payable on the widow's own account, and one-third, or $2.56, was payable on account of the children; just as, two-thirds of the remaining weekly payment of $4.32 or $2.88 was payable to the widow on her own account and $1.44 was payable on account of the children. It makes no difference that the title to the home was vested in the widow, one-third, and in the children, two-thirds; that circumstance could not increase or decrease the children's share. If the widow had seen fit, by leave of court, to use the commuted payments to pay off a mortgage on real estate owned wholly by the children, but in which the family lived, that would not alter the proportion payable to her on account of the children, which was, in this case, one-third to her two-thirds.

The Act of 1919, p. 649, provides, "If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased."

Had there been no widow the three children would have received 40% of $20 or $8 a week for the first 300 weeks. Her right to compensation ceased on January 1, 1926, and *thereafter,* for a period of 163 weeks, they would have been entitled to a weekly payment of $8 per week, to be paid their guardian (McGilley v. Markovitz Bros., 89 Pa. Superior Ct. 170), had there been no commutation of payments: Ferdisko v. Trimble & Sons Co., supra, p. 129.

It has been held that the relation between the em-

ployer and the employee, or his dependents, is definitely settled pro tanto on payment of a commuted award: Hall v. Jones & Laughlin Steel Co., 79 Pa. Superior Ct. 303; Lubanski v. D. L. & W. R. R. Co., 81 Pa. Superior Ct. 538, 542; that is, a commutation of weekly compensation paid to a widow could not be recovered back from her though she subsequently married and thereby lost her right to further compensation under the Workmen's Compensation Act of 1915. But this does not mean that the commuted payment shall not be chargeable against the weekly amount payable under the Act. Had there been no commutation of payments the children would have been entitled to the sum of $8 per week beginning January 1, 1926, and running until the expiration of the 300 week period; but there was a commutation of $7.68 per week, chargeable as before stated, $5.12 on account of the widow and $2.56 on account of the children. The amount chargeable against the widow is not recoverable (Hall v. Jones & Laughlin Steel Co., supra; Lubanski v. D. L. & W. R. R. Co., supra), but the amount commuted on account of the children, $2.56 per week, should be credited on the $8 payable to them, leaving $5.44 payable to them from January 1, 1926, for the period of 163 weeks.

The method of calculation adopted by the Referee and the court below is incorrect in that it charges against the weekly sum coming to the children after January 1, 1926, $8, two-thirds of the commuted payment, $7.68, or $5.12, which is, as we have seen before, more than the entire weekly amount payable to the widow on account of the children, $4. The fact that of the principal sum thus commuted, two-thirds was applied for the benefit of the children, is, as we have already pointed out immaterial. The proportion chargeable to each is not dependent on the advantage accruing to widow and children respectively, unless specifically so directed in the order, and then only to

the amount payable under the statute for their respective accounts.

The calculation adopted by the Board is still more at fault, since it charges against the children's weekly compensation, as fixed by law, the entire amount of the commuted payments, thus, in effect, making the children pay back to the employer the commuted sum paid on account of the widow, which is contrary to the decisions above cited.

The assignments of error are accordingly sustained, and the judgment of the court below is modified so as to read as follows: Compensation agreement No. 1427848 is herewith modified to provide for the payment of compensation to Rose DiLorenzo, for the support of herself and children, at the rate of $4.32 per week commuted under Section 316 over a period of 81 11/21 weeks, or until January 1, 1926, being one-third of the remaining 300 week period, which amounts to $339.09, less the sum of $155.52, which she has been overpaid, leaving due the widow the sum of $183.57; and thereafter to provide for the payment of compensation to the 3 children of William DiLorenzo payable to their guardian, Lawrence Savings & Trust Company, at the rate of $5.44 per week for 163 weeks, or until the expiration of the 300 week period, and thereafter at the rate of 35 per cent. of $20 or $7 per week until March 1st, 1932, when Mary DiLorenzo becomes 16 years of age; and from March 2nd, 1932 until October 5, 1933, when Andrew DiLorenzo becomes 16 years of age, at the rate of 25 per cent. of $20 or $5 per week, and from October 6, 1933, until July 4, 1937, when Nicholas DiLorenzo becomes 16 years of age, at the rate of 15 per cent. of $20 or $3 per week.

Let judgment be entered accordingly.