# Fulmer v. Safe Deposit & Title Guaranty Co. et al.

*E. O. Golden,* for appellant.

*Robert E. Ashe,* for respondent.

GRAFF, P. J., December 23, 1939.—This matter comes before us upon an appeal from an order of the Workmen's Compensation Board granting commutation of compensation in full to claimant in the sum of $2,748.26.

Defendant insurance carrier complains that no hearing was had upon the petition for commutation filed by claimant. The record discloses that claimant's petition was filed on June 24, 1939, and an answer made thereto by defendant on July 13, 1939. Claimant requested commutation for the following reasons:

"Petitioner desires to purchase a piece of real estate which he believes will enable him to make a living for

himself and his family. The real estate includes living premises and a gasoline filling station."

The answer filed by defendant was to the effect that the averments of the petition were peculiarly within the knowledge of claimant, and demanded proof of said averments. Said answer further requested that, in the event of commutation being granted, full, sufficient, and legal indemnity be furnished to defendant by claimant. The board, without having had any hearing whatsoever upon the petition and answer, filed an order on August 11th granting the motion, stating that said order was made upon consideration of the petition filed and a report of the bureau of rehabilitation.

Whilst the proceedings in cases arising under The Workmen's Compensation Act of June 2, 1915, P. L. 736, are, in a sense, informal, we do not understand that it is the proper practice to grant the prayer of a petition filed before the board, particularly when an answer has been filed thereto, without giving defendant an opportunity to be heard. That such is proper practice is recognized in section 419, art. IV, of The Workmen's Compensation Act, supra, as reënacted and amended by the Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520. This section provides as follows:

"The board may refer any question of fact arising under any petition, including a petition for commutation heard by it, to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order."

It is clear that a hearing is contemplated by the act and that testimony should be taken and findings of fact made where such is necessary. Section 316, art. III, of The Workmen's Compensation Act, is amended by The Pennsylvania Workmen's Compensation Act, supra, by the following proviso:

"Provided, however, That unless the employer agrees to make such commutation, the board shall require the

employe or the dependents of the deceased employe to furnish proper indemnity safeguarding the employer's rights."

It seems but reasonable that defendant should be heard upon the question as to what is the proper indemnity before the board rules on such matters. We recognize the fact that commutation of compensation is a matter within the sound discretion of the Workmen's Compensation Board. But this does not mean that defendant is not entitled to be heard upon a petition and answer filed. In Hall v. Jones & Laughlin Steel Co., 79 Pa. Superior Ct. 303, the court stated, at page 305, as follows:

"The power to commute is given by the act. Its exercise depends upon the finding of the board that it will be for the best interests of the employee, or the dependants of the deceased employee, that it will avoid undue expense or undue hardship to either party, or the removal of the beneficiary out of the country or the disposal of the employer of his assets in whole or in greater part. When the facts are found by the Commission in regard to these conditions, the presumption is that the Commission has employed a wise discretion and the right to allow commutation respectively follows."

This case in effect rules that a hearing upon a petition for commutation of compensation should be had prior to the time that the board exercises its discretion relative to the prayer of such petition. We, therefore, conclude that this case should be referred back to the Workmen's Compensation Board in order that defendant be given an opportunity to be heard, and that the board may make findings of fact and state its reasons for the exercise of its discretion.

### Order

And now, December 23, 1939, the order of the Workmen's Compensation Board is set aside, and the case is referred back to the Workmen's Compensation Board in

order that a hearing may be had, findings of fact made, and a reason given for the exercise of the board's discretion.