## Lata, Admx., v. Bethlehem Steel Co. et al.

*Frank Barnako*, for appellee.

*E. R. Castellucci*, for appellant.

LAUB, J., December 21, 1942.—This is an appeal to said court from a decision of the Workmen's Compensation Board of Pennsylvania bearing date October 9, 1942.

Ignatz Szuter was employed by the Bethlehem Steel Company on January 1, 1913, as a chipper, for two years; he was a sawman until July 25, 1921; he was employed in the armor plate department of said company from July 25, 1921, to October 16, 1921; he was employed in the steel foundry of said company as a chainman from January 14, 1924, to June 2, 1932, and from July 24, 1933, until April 8, 1938, he was a grinder employed by said company. His employment was then terminated because of his physical condition due to silicosis.

Ignatz Szuter died November 14, 1939, from silicosis.

After his permanent disability arose he presented his claim petition against said company for compensation, in accordance with the provisions of the Occupational Disease Compensation Act of July 2, 1937, P. L. 2714. His employer admitted its liability and an award was made in his favor by the referee.

On July 26, 1940, his widow, Agnes Szuter, filed a petition for compensation for herself and two dependent children. On June 21, 1941, prior to the hearing of her claim, Agnes Szuter died and the present claimant was substituted as administratrix of her estate.

On February 3, 1942, an award was made by the referee to the estate of Agnes Szuter and the two dependent children for death benefits arising out of the death of Ignatz Szuter.

During the lifetime of Ignatz Szuter and Agnes Szuter, the Bethlehem Steel Company advanced them $974.80, exclusive of funeral expenses. These advancements by the employer were made under the following circumstances as shown by the record:

"Q. I ask you whether or not it was paid as compensation?

A. We paid it because the man was in dire circumstances not knowing whether we would have to pay anything or not or how much we would have to pay."

The two minor children have as their guardian the Saucon Valley Trust Company, which said guardian has received from the Commonwealth of Pennsylvania the following sums, to wit: on January 3, 1942, $1,336.31, and on April 8, 1942, a further payment in the sum of $243.20 for interest on said award.

The defendant employer rests its appeal on the failure of the referee to direct the payment by the Commonwealth of the advancements by the employer. In all the lengthy history of this matter, this is the first appeal that comes before said court. A former appeal on another branch of the matter was withdrawn.

The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, sec. 318, provides as follows:

"The right of compensation granted by this article of this act shall have the same preference (without limit of amount) against the assets of an employer, liable for such compensation, as is now or may hereafter be allowed by law for a claim for unpaid wages for labor: Provided, however, That no claim for compensation shall have priority over any judgment, mortgage, or conveyance of land recorded prior to the filing of the petition, award, or agreement as to compensation in the office of the prothonotary of the county in which the land is situated. *Claims for payments due under this article of this act shall not be assignable, and (except as provided in section five hundred and one of article five hereof) shall be exempt from all claims of creditors, and from levy, execution, or attachment, which exemption may not be waived.*" (Italics supplied.) (77 PS §621.)

The Pennsylvania Workmen's Compensation Act, sec. 410, provides as follows:

"In case any claimant shall die before the final adjudication of his claim, the amount of compensation

due such claimant to the date of death shall be paid to the dependents entitled to compensation, or, if there be no dependents, then to the estate of the decedent." (77 PS §751.)

"Under the provisions of Section 307 of the Workmen's Compensation Act of 1915, compensation to minors, upon the re-marriage of their mother, becomes payable to their guardian, and the liability of an employer to make such payments cannot be avoided by paying to the widow or any person other than the guardian of the minors.

"Where such money has been paid erroneously to the widow the employer must look to her for reimbursement": McGilley v. Markovitz Brothers et al., 89 Pa. Superior Ct. 170, syllabus.

The record shows that the employer company voluntarily paid the money now in question to the decedent and his wife because of their dire need.

The employer evidently believed, and in such belief was correct, that under the act of assembly relative to silicosis and occupational diseases it was liable for compensation. Under these circumstances, as the fund was not attachable or assignable under the law as herein already quoted, the employer is not now in a position under the state of the record to recover back such money voluntarily paid.

"Money voluntarily paid on a claim of right, where there has been no mistake of fact, cannot be recovered back on the ground that the party supposed he was bound in law to pay it when in truth he was not": Wilson et ux. v. Philadelphia School District et al., 328 Pa. 225, syllabus.

We have read with great care the voluminous record in this case. We adopt in its entirety the able and learned opinion of the chairman of the Workmen's Compensation Board, Daniel G. Murphy, Esq., said opinion bearing date of October 9, 1942, and found in the record certified to said court from the Work-

men's Compensation Board. The opinion clearly states the facts as shown by the record and in our opinion arrives at the correct conclusion of law.

· And now, December 21, 1942, the appeal is denied and the exceptions are dismissed. The opinion of Daniel G. Murphy, Esq., chairman of the Workmen's Compensation Board, bearing date October 9, 1942, is affirmed.

The costs are directed to be paid by the Bethlehem Steel Company.