16294

BROWN *ET AL.* v. PLOWDEN CO. *ET AL.*
(57 S. E. (2d) 29)

*Messrs. Wise, Whaley & McCutchen,* of Columbia, *for Appellants,*

*Mr. Norbert A. Theodore,* of Columbia, *for Respondents,*

*Messrs. Wise, Whaley & McCutchen,* of Columbia, *for Appellants,*

December 14, 1949.

STUKES, Justice.

The insurance carrier in this compensation case is paying to Annie Mae Brown, a colored widow, quoting from the award of the Industrial Commission dated Sept. 2, 1948, "for her use and the use of her minor daughter Patricia Ann Brown," $21.00 per week for 350 weeks, not to exceed $6,000.00 inclusive of funeral expenses, on account of the compensable accidental death of her husband, Otis Brown, while in the employ of Plowden Company on July 4, 1948. Patricia, aged two years, was the only child. Shortly after the award the widow employed counsel and applied for commuted, lump sum settlement upon the following quoted, apparently unverified statement: "I have considerable obligations that I wish to pay and I desire to purchase a home so that me and my child may have at least a home to live in." There was filed an appraisal by three persons, said in the record to be reputable white real estate brokers, of the premises at 818 Washington Street, Columbia, of the value of $2,000-.00, proposed to be purchased. A hearing was held on Dec. 2, 1948 at which an attorney for the carrier appeared for it and the employer and objected to the lump sum award because of the infancy of Patricia who was without a guardian. Having heard only the arguments of the adversary attorneys, the hearing commissioner ordered lump sum payment to the widow.

The employer and carrier appealed to the full commission upon the following grounds: "(1) No lump sum award over $300.00 should be made to a minor without appointment of a guardian, S. C. Code § 7035-50—Section (c). (2) Evidence presented in application for lump sum only set forth grounds for payment of $2,000.00, not entire sum due." By formal opinion the majority of the commission, sustained the hearing commissioner, whereupon the employer and carrier appealed to the court of common pleas upon grounds substantially the same as they assigned for review by the commission. The court affirmed and this appeal was prosecuted upon exceptions which fairly raise the questions which will be discussed.

The record does not expressly state the commuted value in controversy but it was said by a counsel at the oral argument, undisputed by the other, that the commuted amount would be about $4,500.00. There is no doubt of vital interest of the employer and carrier in the controversy. In *Gilliard v. Victor Monaghan Co.,* 211 S. C. 68, 44 S. E. (2d) 109, the carrier had to pay over again for lack of the appointment of a guardian.

It is obvious that the commission failed to heed our ■ judgment in *Ashley v. Ware Shoals Mfg. Co.,* 210 S. C. 273, 42 S. E. (2d) 390, 396, where the court at great pains and length stated the requisite procedure before the commission upon the question of lump sum settlement. Full reference should be had to the opinion in that case but the following quotations demonstrate the disregard of it by the commission in this proceeding:

"If the foregoing requirements are met, it does not necessarily follow that the Commission should commute periodical payments into a lump sum payment. It must further appear that there are unusual circumstances which would make a departure from the principle of periodical payments 'to the best interests of the employee or his dependents.' Here again no inflexible rule can be laid down but there should be something taking the case out of the ordinary rule to justify the Commission in ordering a lump sum settlement. It was the purpose of the statute to provide for particular and exceptional instances.  *  *  *

"In the light of the foregoing principles, did the Industrial Commission abuse its discretion in granting the application of respondent for a lump sum settlement? The reasons set forth in the application for desiring such a settlement are as follows: 'To pay miscellaneous obligations which accrued during my illness and for which compensation has been insufficient to cover, and to pay attorney's fees.' No testimony was offered to support these statements. There is nothing to show the character of these obligations. As a general rule

the desire to pay debts is not regarded as a sufficient ground to justify commutation of compensation payments. Annotation 69 A. L. R. page 547. Of course, the nature of the obligation and the purpose for which incurred may be such as to create an exception. Under the terms of Section 7035-24, compensation under our Act is 'exempt from all claims of creditors and from taxes.' * * *

"Although the burden of showing facts sufficient to justify a lump sum settlement was on respondent, he made no effort to comply with any of 'the requirements that we have laid down as necessary to justify a commutation of an award."

The security of property and rights of infants has ever been the concern of the courts. The principle is axiomatic in the law. This case presents a patent violation. The caption of it is completely misleading. Patricia, an infant of the tender age of two, is styled a respondent, whereas she and her rights have received scant, if any, consideration and she is legally unrepresented. It was not provided that she should have any interest in the proposed $2,000.00 real estate purchase and there was no evidence that she would in anywise benefit from the additional, even greater amount which was ordered to be paid to her mother in one sum. In *Gilliard v. Victor Monaghan Co., supra,* the award was commuted by the commission in part purpose to buy a farm which apparently was never purchased although the lump sum was paid to the minor claimant's father.

Sec. 7035-42 of the compensation act plainly provides as follows: "The widow or widower, and all children of deceased employees, shall be conclusively presumed to be dependents of deceased and shall be entitled to receive the benefits of this article for the full periods specified in the article." The foregoing is the concluding sentence of the section. The first is: "A widow, a widower, and/or a child shall be conclusively presumed to be wholly dependent for support upon the deceased employee." A subsequent sentence of the same section is as follows: "If there is more than one

person wholly dependent, the death benefit shall be divided among them; * * *". Thus by the unmistakable terms of the statute Patricia shares in the award in this case and her right may not be ignored.

This code section, 7035-42, was amended in now immaterial manner in 1947 by Act No. 165, 45 Stat. 222. See 1948 Code Supp. 324. The widow in this case cites the following, which is sec. 7035-50(a): "Whenever payment of compensation is made to a widow or widower for her or his use or for her or his use and the use of the child or children, the written receipt thereof of such widow or widower shall acquit the employer." And she contends that because the original award of weekly payments was made to her "for her use and the use of * * * Patricia" it would be proper to make payment of a commuted lump sum similarly, regardless of the amount. This overlooks the important fact that the scheme of workmen's compensation is to partly replace lost earnings and provide in usual cases for periodic payments for support of dependents. It is intended to relieve their need and prevent them from becoming public charges. Moreover, to follow the contention would violate the terms of the act.

The cited sec. 7035-50 provides in sub-sections (d) and (c) for payments to minors under eighteen years old, which amount to more than $300.00, to be made to a guardian appointed by the probate court. *Gilliard v. Victor Monaghan Co., supra.* The stated provisions of the section may be summarized as follows: Periodic payments of compensation (not over $300.00) may be made to a parent for the use of a child or children; legal age, instead of the common law twenty-one, is eighteen years for the purposes of the compensation act, Cf. sec. 7035-2(b); and in all cases of payments of over $300.00 to or for the use of minors under eighteen must be made to a guardian of the minor who shall be appointed by the probate court.

It also appears necessary to direct attention to Code sec. 7035-48 which authorizes the commission, if it deems it ex-

pedient, in the unusual cases where it orders lump sum settlements, to direct payment to court-appointed, bonded trustees for administration of the funds. In 1946 by Act No. 563, 44 Stat. 1517, sec. 401 of the Code was amended to provide that when an infant or other legally incompetent person is a party in a proceeding before the Industrial Commission, a guardian *ad litem* may be appointed by the judge of probate, clerk of court or master of the county of his residence, or by any circuit judge.

Enough has been said to show the manifest errors of the majority of the commission in this case and it must be remanded to them for further proceedings should the application for lump sum settlement be pressed. Other courts have reached similar conclusions as is seen in the annotation in 120 A. L. R. 395. In the consideration of the foreign cases there digested it should be kept in mind that our statutes control our law and decisions of other jurisdictions are likewise governed by the respective statutes under which they are decided. *Marchbanks v. Duke Power Co.,* 190 S. C. 336, 2 S. E. (2d) 825. *Jolly v. Atlantic Greyhound Corp.,* 207 S. C. 1, 35 S. E. (2d) 42. The following are observations of the editor at pp. 396, 397, 399 and 402 of the annotation:

"It seems to be generally held that where the statute provides that upon the death of an employee compensation shall be paid to the surviving spouse and the surviving dependent children, the appearance of such children by guardian or next friend before the tribunal where the proceeding is brought is unnecessary, if the proceeding is instituted by the surviving parent in behalf of himself or herself and the surviving dependent children."

"It seems that under statutes providing for payment of compensation to a surviving spouse and dependent children, it is sufficient that the award is paid to the parent for the benefit of the minor dependents."

"It seems that when an award is made for the benefit of a surviving spouse and minor dependents, the latter have such

an interest in the award as will entitle them to notice of an application by their parent for the commutation of the award, or at least to the protection of their interest by the court.

"Thus the commutation of an award, made on the petition of a widow without joinder of a legal representative for her three minor children, was held to be improper in *Lovasz v. Carnegie Steel Co.,* 1920, 266 Pa. 84, 109 A. 601, the court declaring that the standing of the children was just as high as that of the widow when commutation was asked, and that while the fund as such might not be divisible the children's interest was nevertheless such an interest as would entitle them to be parties to any proceeding looking toward commutation. * * *

"And in *Cogdill v. Aetna Life Ins. Co.,* 1931, 90 Mont. 244, 2 P. (2d) 292, where compensation was awarded to the widow and child of a decedent under a statutory provision making no distinction between the surviving widow and children as beneficiaries, nor providing for division of the award between them, the court held that an order, granted upon the application of the widow, for a conversion of payments into a lump sum advancement, which did not adequately protect the minor dependent, was unauthorized."

Reversed and remanded.

BAKER, C. J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.