94

Builders Exchange, Inc. and American States Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John S. Sacik, Deceased, by Shirley, Widow, Respondents.

Submitted on briefs October 7, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Donald R. Rigone, Fisher, Long & Rigone,* for petitioners.

*Lee J. Calarie, Calarie & Calarie,* for respondents.

OPINION BY JUDGE BLATT, January 11, 1982:

The petitioners, Builders Exchange, Inc. and American States Insurance Company (insurer), appeal a decision of the Workmen's Compensation Appeal Board (Board) which reversed a referee's decision to dismiss claimant Shirley Sacik's[1] petition to review a supplemental agreement.

The facts in this case are not in dispute. On May 20, 1976, John S. Sacik died as a result of a work-related accident while in the employ of the Builders Exchange, Inc. and left surviving him, the widow-claimant, and three minor children, all of whom were financially dependent upon the decedent at the time of his death. The decedent's average weekly wage was $254.24 and a compensation agreement was entered into by the parties providing for payment to the claimant on her and the children's behalf at the weekly rate of $169.49 pursuant to Section 307, clause 4½, of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §561(4½), which provides for compensation at the rate of 66 2/3% of the decedent's average weekly wage. The claimant then remarried on August 18, 1978, and pursuant to Section 307 of the Act, 77 P.S. §562,[2] was entitled to a lump sum equal to 104 weeks of compensation at a rate computed in accordance with clause 2 of Section 307 after which all compensation to her would

---

[1] Now Shirley Sacik Craig.

[2] Section 307, 77 P.S. §562, in pertinent part, states that [s]hould any dependent of a deceased employe die or remarry, or should the widower become capable of self-support, the right of such dependent or widower to compensation under this section shall cease except that if a widow remarries, she shall receive one hundred four weeks compensation at a rate computed in accordance with clause 2 of section 307 in a lump sum after which compensation shall cease. . . . (footnote omitted).

cease. Clause 2 of Section 307 of the Act, 77 P.S. §561 (2) provides that compensation be paid "[t]o the widow or widower, if there be no children, [at] fifty-one percentum of wages, but not in excess of the Statewide average weekly wage." The insurer then paid the claimant a lump sum of $13,484.64 (51% of wages or $129.66 x 104 weeks).

At this juncture, the issue in this case arose. The insurer, during the 104-week period following the payment of the lump sum to the claimant, paid, on the three children's behalf, 15 2/3% ($39.84) of the decedent's average weekly wage. The insurer arrived at this figure by subtracting the lump sum amount (51%) from the 66 2/3% rate that the claimant would have been receiving had she not remarried. The claimant disagreed with this method of calculation and maintained, *inter alia,* that the proper rate of compensation payable to the children during the 104-week period was 52% as set forth in clause 1(c) of Section 307 of the Act, 77 P.S. §561(1)(c), which states that

1. If there be no widow nor widower entitled to compensation, compensation shall be paid to the guardian of the child or children, or, if there be no guardian, to such other persons as may be designated by the board as hereinafter provided as follows:

. . . .

(c) If there be three children, fifty-two per centum of wages of deceased, but not in excess of the Statewide average weekly wage.

The claimant seeks to justify the use of the 52% rate enumerated in clause 1(c) of Section 307 on the basis of the proviso in Section 307, 77 P.S. §562, which states, in pertinent part, that

[i]f the compensation payable under this section to any person shall, *for any cause,* cease, the compensation to the remaining persons entitled

thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased. (Emphasis . added.)

The petitioners, however, contend that *Ferdisko v. Trimble & Sons Co.*, 272 Pa. 125, 116 A. 142 (1922) is dispositive of the instant situation and that the lump sum amount should be, therefore, attributed to the children. The Board found *Ferdisko* to be distinguishable and agreed with the claimant's interpretation of the interaction between Section 307 of the Act, 77 P.S. §561 and Section 307 of the Act, 77 P.S. §562. We affirm.[3]

In *Ferdisko*, our Supreme Court construed a similar compensation provision which provided that upon the remarriage of a widow, "the employer shall pay to such widow the then value of the compensation payable to her during one-third of the period during which the compensation then remains payable but not exceeding one hundred weeks, . . . ." *Id.* at 127, 116 A. at 143. Obviously, this was not meant[4] to be a lump sum payment to the widow, as in the present provision and case, but rather a continuation of compensation for the support of both the widow and the children.

---

[3] In a workmen's compensation case where, as here, the party with the burden of proof did not prevail before the referee and the Board did not take additional evidence, our scope of factual review is restricted to a determination of whether or not the findings of fact are consistent with each other, with the conclusions of law, and can be sustained without a capricious disregard of competent evidence. *Jasper v. Workmen's Compensation Appeal Board*, 58 Pa. Commonwealth Ct. 208, 427 A.2d 740 (1981). And it is axiomatic, of course, that we may review the agency's adjudication to determine whether or not there was an error of law. 2 Pa. C. S. §704.

[4] *See* our Supreme Court's modification of the final order of the lower court which indicates the periodic nature of the compensation payments. *Ferdisko.*

Here, the intent of the legislature in framing the present provision is clear and we must keep in mind the well established principle that the provisions of the Workmen's Compensation Act are remedial in nature and are to be liberally construed, with borderline interpretations resolved in favor of the injured employees and their dependents. *See, e.g., Turner v. Jones & Laughlin Steel Corp.,* 479 Pa. 618, 389 A.2d 42 (1978). Present Section 307 of the Act, 77 P.S. §562, specifically states that the widow shall receive a lump sum, at a rate which—under clause 2 of Section 307 of the Act, 77 P.S. §561(2)—is the same that a widow without children would receive. Thus, such section, in treating the claimant like a widow without children, infers that the lump sum is for her *individual* use in return for the termination[5] of her otherwise indefinitely continuing right to compensation and not, as the petitioners contend, to be credited or attributed to the children. Moreover, when read in conjunction with the proviso in Section 307 of the Act, 77 P.S. §562, which states that if "compensation payable under this section to any person shall, *for any cause, cease,* the compensation to the remaining persons entitled thereunder [here, the three minor children] shall thereafter be the same" as if they were the "only persons entitled to compensation at the time of the death of the deceased" (emphasis added), it is evident that the children are provided for and entitled to the increased[6]

---

[5] We find no merit in the petitioners' hardship or windfall argument here inasmuch as the claimant, by deciding to remarry, forfeits all future rights to compensation. Note that in *Ferdisko,* compensation to widows did not, as here, continue indefinitely but rather terminated after a specific period of weeks. Thus, the windfall argument was more relevant in *Ferdisko* and may have been an important consideration in that decision.

[6] Fifty-two percent (52%) as set forth in clause 1(c) of Section 307 of the Act, 77 P.S. §561(1)(c). Thus, the three minor children

compensation rate under the express language of this section because the claimant's remarriage was one of the cessation[7] contingencies enumerated in such section. The proposition that the lump sum is for the widow's individual use is, therefore, a logical and consistent corollary to our holding that the benefits to these minor children be increased during the 104-week period. Any other result would cause the plain language of Section 307's provisions to conflict and would require that portions be disregarded. *See* 1 Pa. C. S. §1921(a).

Finally, we note that, according to *Ferdisko,* the legislature's purpose for adopting the commuted periodic payment scheme was to discourage the formation of illicit live-in relationships so that payments would not be lost. Here, the claimant, by her decision to remarry, stands to lose greater compensation rights[8] than the widow in *Ferdisko.* Accordingly, we cannot say that the petitioner's interpretation of Section 307 would not promote such meretricious arrangements and, therefore, we are unwilling to frustrate this interrelated legislative scheme.

## Order

And Now, this 11th day of January, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

would be eligible for $132.20 (52% x decedent's average weekly wage or $254.24) during the 104-week period.

[7] In Section 307 of the Act, 77 P.S. §562 the legislature chose to use the conjunctive phrase "die or remarry or should the widower become capable of self-support. . . ." Thus, the phrase requiring the change of compensation would apply in the same manner to each contingency.

[8] Currently, the widow's right to compensation has no durational requirement whereas in *Ferdisko* benefits terminated after a specific period.

It Is Further Ordered that the employer Builders Exchange, Inc. and its insurer, American States Insurance Company, herein are directed to pay on behalf of the three minor children, to the claimant herein, as of August 18, 1978, at the weekly rate of one hundred and thirty-two dollars and twenty cents ($132.20) per week, and then to take credit for all payments made since said time against this award. Amounts not heretofore paid shall bear interest at ten percent (10%) per annum from the due date thereof until the date of payment. Said payments shall continue until December 13, 1983. Thereafter, compensation shall continue on behalf of the two younger minor children at the rate of one-hundred and six dollars and seventy-eight cents ($106.78) per week and said rate shall continue until January 2, 1986. Compensation shall then be payable thereafter on behalf of the youngest child at the rate of eighty-one dollars and thirty-six cents ($81.36) per week, which shall continue until October 13, 1987, when all compensation shall cease.

This decision was reached prior to the expiration of the term of office of Judge Palladino.