## Irvin v. Frost.

*Negligence—Damages—Workmen's Compensation Act of June 2, 1915, P. L. 736.*

Where a man receiving as wages $10.50 per week, is killed in the course of an industrial employment, and leaves to survive him a widow and a child born after his death, an award to the widow of 45 per cent. of his wages for a period of 300 weeks, and to the infant an amount of 15 per cent. of the wages beginning at the expiration of the 300 weeks and continuing until the child reaches the age of sixteen years, will be sustained by the courts.

Argued May 4, 1917. Appeal, No. 114, Oct. T., 1917, by The Fidelity & Casualty Company of New York, from order of C. P. No. 3, Philadelphia Co., Sept. T., 1916, No. 111, dismissing appeal in case of Louisa Ida Amelia Irvin v. William M. Frost & Company and The Fidelity & Casualty Co. of New York, Insurance Carrier. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from award of Workmen's Compensation Board.

From the record it appeared that John M. Irvin died on May 11, 1916, as the result of an accident occurring in the course of his employment by William M. Frost & Co. He left to survive him a widow and an infant born shortly after his death. The Workmen's Compensation Board made the following award:

The award of the referee was as follows:

I award under Article III, Sections 301, 307 and 308, of the Workmen's Compensation Act of 1915, to the widow, Louisa I. A. Irvin, for three hundred weeks, forty-five per cent. of $10.50, or $4.72½ from May 11, 1916, to February 11, 1922, total $1,417.50. To daughter, Matilda May, fifteen per cent. of $10.50, or $1.57½, for five hun-

dred and thirty-five weeks from February 11, 1922, to May 16, 1932, total $843.15.

Total amount to be paid $2,260.65.

*Error assigned* was order dismissing the appeal from the award.

*J. C. Sheriff,* with him *William G. Wright,* for appellant.—The wording of Clauses 1 to 9, Section 307, clearly shows that the entire status of child and children by which they acquire a right to compensation is fixed by Clause 1.

The omission from the last paragraph of section 307, of the words "under Clause 1 of this section" did not change its meaning.

Section 307 does not deprive children of compensation where widow dies or remarries during the 300 weeks following death of the employee.

The act provides for the average family of an average wage-earner approximate equality of compensation to a widow with children and to children without a surviving widow.

Compensation for child or children where there is a widow entitled does not begin during the 300 weeks during which it is paid to the widow. It therefore, cannot "continue" after the 300 weeks.

If the legislature had intended children whose surviving parent has been paid 300 weeks' compensation, to receive compensation after 300 weeks until reaching sixteen, it would have directed to whom such compensation should be paid.

*William A. Schnader,* for appellee.—The Workmen's Compensation Act is to be liberally construed in favor of the injured employee and his dependents: Dame's App., 62 Pa. 417; Hartman's App., 107 Pa. 327.

OPINION BY PORTER, J., December 13, 1917:

The question to be disposed of in this appeal is a single

one and must turn on the construction of the Act of 2d June, 1915, P. L. 736. The material facts are few and undisputed, and the briefest statement of them will at once disclose the varying contentions of the parties. It is conceded the husband and father lost his life in an industrial accident in the course of his employment, leaving to survive him a widow and child, the latter being born some days after the father's death. The statute, however, declares such child shall be regarded as a surviving child. The wages which had been received by the deceased prior to his death were at the rate of $10.50 per week.

Section 307 of the statute declares what compensation shall be allowed and to whom it is payable in each one of several classes of cases. Clause three of that section is the one applicable in the case at bar, and provides as follows: "To the widow, if there be one child, forty-five per centum of wages." When, under the facts stated, claim was made to the Compensation Board, its referee awarded to the widow 45 per cent. of $10.50 for a period of 300 weeks beginning May 11, 1916. That period of time is fixed by the terms of Clause 9 of said section 307, and to so much of the award made by the referee there is no contention between the parties. The referee, however, further awarded to the infant daughter 15 per cent. of the wages received by the father, beginning at the expiration of the 300 weeks referred to and continuing until she would reach the age of sixteen years. It is to this portion of the award of the referee that exception was taken, and on appeal to the Workmen's Compensation Board that body supported the award as made. An appeal then was taken to the Court of Common Pleas, No. 3, of Philadelphia County, which court dismissed the appeal, and thus the case came into this court.

The able counsel for appellant earnestly urges us to hold that when an award is made to a widow with one surviving child, the latter has no interest of any kind in the award which must be made exclusively to the widow,

and that with the expiration of the 300 weeks, during which the widow may receive compensation, the child has no claim whatever. We are not able to adopt this conclusion as a sound one. It is true that under the conditions here existing, the legislature has declared that for a period of 300 weeks certain compensation shall be paid to the widow, but we cannot ignore the fact that the amount of the compensation to be paid to her is, in part at least, on account of the fact there is a surviving child. Broadly speaking then, we cannot say it was the intention of the legislature to confine the payment contemplated to the widow alone to the exclusion of the infant child.

Clause nine of the same section we think strongly supports the construction of the act we have adopted. It provides that if the surviving widow were not "living with her husband at the time of his death" or should "die or remarry," her right to compensation would at once cease. The clause then further declares the consequences of such cessation "if the compensation payable under this section to any person shall for any cause cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased." How can we escape the conclusion in the case at bar, that if the widow were to die or remarry, the dependent child would be "the remaining person entitled thereunder," and she from that time on be the legal payee and recipient of the same compensation as would have been payable to her had she been "the only person entitled to compensation at the time of the death of the deceased"?

If we are right in our conclusion that the legislature did not intend to exclude from any share in its bounty the most dependent human being suffering from the consequences of the "industrial accident," which deprived her of the father and bread-winner, the crux of this case

has disappeared. The infant child then was and is entitled to receive compensation under the act, notwithstanding the fact that during a fixed period of time the compensation was payable only to her mother. The last clause of section 307 declares in terms the rate at which and the period during which that compensation must be paid. The award made by the referee followed the statute, and the board and the court below were right in sustaining it.

The assignments of error are overruled and the appeal is dismissed at the cost of the appellant.