## Catlin *v.* Pickett & Co., Appellants, et al.

*Workmen's Compensation Law—Death of workman—Awards to widow and minor children—Act of June 2, 1915, P. L. 736, Sec. 307.*

1. Under the Workmen's Compensation Act of June 2, 1915, P. L. 736, the courts have no jurisdiction to review the findings of fact of the referee and the Workmen's Compensation Board, if there be any evidence to sustain such findings.

2. Under said act, if a deceased workman leaves a widow and minor children, an award should be made in favor of the children, to begin after the award to the widow ceases, and to continue until each child reaches sixteen years of age.

3. In construing a statute no words should be added unless it is clearly necessary in order to effectuate the legislative intention.

Argued Oct. 3, 1917; reargued July 16, 1918. Appeal, No. 154, Oct. T., 1917, by William Pickett & Company, from judgment of C. P. Washington Co., May T., 1917, No. 472, dismissing appeal from decision of Workmen's Compensation Board, affirming report of referee, allowing claim in case of Nancy Catlin v. William Pickett & Company and Globe Indemnity Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ., on reargument. Affirmed.

Appeal from Workmen's Compensation Board. Before IRWIN, J.

The opinion of the Supreme Court states the facts.

The court dismissed the appeal. William Pickett & Company appealed.

*Error assigned* was the order of the court.

*John C. Sherriff,* with him *James L. Weldon, Alexander P. Lindsay* and *Donnan & Witworth,* for appellant. —If Nancy Catlin be awarded compensation for 300 weeks, the children of John Catlin are not entitled to any compensation; the widow is entitled to all.

*C. L. V. Acheson,* with him *Acheson & Crumrine,* and *J. Boyd Crumrine,* for appellee, cited: Panasuk, 5 N. C. C. A. 688; Coakley's Case, 216 Mass. 71.

OPINION BY MR. JUSTICE SIMPSON, October 7, 1918:

A referee under the Workmen's Compensation Act of June 2, 1915, P. L. 736, found as facts that Charles Catlin was killed while in the employ of William Pickett & Co., the defendant; that Nancy Catlin, claimant, had been duly married to said Charles Catlin, and survived as his widow; and that he stood in loco parentis to John Catlin, the other claimant. The referee thereupon awarded to her compensation at the rate of $5 per week for 300 weeks, and to John Catlin $1.67 per week, to begin after the expiration of the 300 weeks, and to continue until he reached sixteen years of age. Defendant appealed to the Workmen's Compensation Board alleging only "errors of law committed by the said referee." The board sustained the referee and dismissed the appeal. Defendant then appealed to the Court of Common Pleas, and that appeal also was dismissed. He then prosecuted the present appeal, and it must share the same fate.

The first two questions argued by appellant are: (a)

Was Nancy Catlin the widow of Charles Catlin? and (b) Did he stand in loco parentis to John Catlin? but the assignments of error do not call for their decision. They deny only that Nancy Catlin, though "being the lawful wife of the deceased, and residing with him at the time of his death," and John Catlin, though "being a child to whom the said Charles Catlin stood 'in loco parentis' at the time of his death," is either of them entitled to any compensation from defendants. Yet the act distinctly provides for compensation under such circumstances. Moreover, if those findings of fact had been properly assigned as errors, we would have been compelled to hold, under our decision in McCauley v. Imperial Woolen Company, 261 Pa. 312, that we could not review them. There was evidence to support the findings and we are without jurisdiction to inquire further.

The question which is squarely raised on the record is this: If both a widow and a dependent minor child survive a workman, killed in the course of his employment, under the Workmen's Compensation Act can an award be made in favor of such dependent minor child, to begin after the expiration of the three hundred weeks during which the widow is to receive compensation, and to continue until the child reaches sixteen years of age? We think such an award is required under section 307 of the act.

That section provides for compensation to be paid to a decedent's children, including therein those "to whom he stood in loco parentis," "if there be no widow or widower entitled to compensation," and, subject to certain contingencies, not necessary to be considered here, further provides that payments to children shall continue until each reaches sixteen years of age, and as to all others shall continue for three hundred weeks. The section then proceeds:

"Should any dependent of a deceased employee die, or should the widow or widower remarry, or should the widower become capable of self-support, the right of such

dependent, or such widow or widower, to compensation under this section, shall cease. If the compensation payable under this section to any person shall, for any cause, cease, the compensation to the remaining persons entitled thereunder shall thereafter be the same as would have been payable to them had they been the only persons entitled to compensation at the time of the death of the deceased."

The contention of appellant is that the above quoted words "for any cause," are to be limited to the causes stated in the preceding sentences. We do not so construe them. An additional word or words would have to be interpolated in order to reach that conclusion, and we are not at liberty to add them, unless it is clearly necessary so to do in order to effectuate the legislative intent. No such necessity exists here. On the contrary we are convinced that the addition of limiting words would defeat that intent. Compensation to decedent's children until they reach sixteen years of age, is expressly given "if there be no widow or widower entitled to compensation." At the expiration of the 300 weeks the compensation to the widow or widower "ceases," and because of that "cause" the compensation to children still under sixteen years of age arises, with the same effect as if they had "been the only persons entitled to compensation at the time of the death of the deceased."

The judgment is affirmed.