# Irvin *v.* Frost & Co. et al., Appellants.

*Workmen's Compensation Law—Death of workman—Awards to widow and minor children.*

Under the Workmen's Compensation Act of June 2, 1915, P. L. 736, if a deceased workman leaves a widow and minor children, an award should be made in favor of the children, to begin after the award to the widow ceases, and to continue until each child reaches sixteen years of age.

1918.]     Statement of Facts—Opinion of the Court.

Argued July 16, 1918. Appeal, No. 54, Jan. T., 1918, by defendants, from judgment of Superior Ct. of Pa., Oct. T., 1917, No. 114, affirming judgment of C. P. No. 3, Philadelphia Co., Sept. T., 1916, No. 116, dismissing appeal from Workmen's Compensation Board, affirming report of referee, allowing claim, in case of Louisa Ida Amelia Irvin v. William M. Frost & Company and the Fidelity & Casualty Company of New York. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Appeal from Superior Court. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

The Superior Court affirmed the judgment of the Court of Common Pleas. Defendants appealed.

*Error assigned* was the judgment of the Superior Court.

*J. C. Sherriff,* with him *William G. Wright,* for appellant.

*William A. Schnader,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, October 7, 1918:

The only question raised in this case is this: Where a workman, who was killed in the course of his employment, leaves surviving him a widow and dependent minor children, can an award be made in favor of such minor children, under the Workmen's Compensation Act of June 2, 1915, P. L. 736, to begin after the expiration of the three hundred weeks during which the widow receives compensation, and to continue until each child reaches the age of sixteen years? The referee, the Workmen's Compensation Board, the Court of Common Pleas, No. 3, of Philadelphia County, and the Superior Court, (Irvin v. Frost, 68 Pa. Superior Ct. 456), in this case, have all answered that question in the affirmative, and we do likewise for the reason set forth in our opinion in Catlin v. Pickett, 262 Pa. 351.

The judgment is affirmed.