## Nicholson's Estate.

Argued April 25, 1930. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

 ██

*E. Spencer Miller,* for appellant.—The Act of June 20, 1919, section 13, P. L. 521, permits an appeal on either paying or securing costs and tax.

Under section 13 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, the taxable who has complied with the statutory requirements, should not be turned out of court on the ground that after the amount of the tax has been turned into the state treasury, inconvenience might be caused by withdrawing it for a refund.

There is no inconsistency, in the nature of things, in providing for payment of a charge imposed by a public authority preliminary to appeal therefrom: Rheem v. Wheel Co., 33 Pa. 356; O'Hara v. McConnell, 93 U. S. 150; Dakota Co. v. Glidden, 113 U. S. 224.

The fact that the orphans' court does not have a method of execution available, by which its decree supporting the appeal can be enforced, was not a reason for refusing to pass on the appeal.

*J. Lee Patton,* with him *Philip S. Moyer,* Deputy Attorney General, and *Cyrus E. Woods,* Attorney General, for appellee.—The testatrix blended the estate over which she had a power of appointment with her own, for all purposes, and hence the tax was properly assessed and paid: McCord's Est., 276 Pa. 459; Forney's Est., 280 Pa. 282.

The general rule with respect to the payment of taxes in Pennsylvania is, that taxes voluntarily paid, although assessed irregularly or assessed against persons or property exempt from taxation, cannot be recovered back in an action at law: Lackey v. Mercer Co., 9 Pa. 318; Borough v. Saeger, 20 Pa. 421; McCrickart v. Pittsburgh, 88 Pa. 133; Luzerne Co. v. Com., 2 Pa. Dauphin Co. C. R. 253; Shoenfield v. Bradford, 16 Pa. Superior Ct. 165; Union Ins. Co. v. Allegheny, 101 Pa. 250.

OPINION BY MR. JUSTICE SIMPSON, May 12, 1930:

The register of wills assessed a transfer inheritance tax against the estate of testatrix, who had been a resident of the State; appellants, as her executors, paid

the amount of the assessment, instead of giving security therefor, and then appealed to the orphans' court, as authorized by section 13 of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, 524. Without considering the merits of the controversy intended to be raised by the appeal, it was dismissed solely because the tax had been paid before the appeal was taken. From the resulting decree the executors prosecute this appeal.

The section referred to provides as follows: "Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court." The basis of the orphans' court's conclusion was that "the act is intended to mean 'on paying, or giving security to pay all costs, together with [security for] whatever tax shall be fixed by the court.'" The difficulty with this interpretation is that it treats the provision for fixing the amount of the tax as something to be determined in the future, whereas on this point the section deals only with the present; and because, also, it adds words to the statute, which is beyond the province of that court and this, unless it has to be done in order to give effect to the evident intent of the legislature: Catlin v. Pickett & Co., 262 Pa. 351. No such reason exists here. It will be noticed that the appeals referred to in the section are those to be taken by the representatives of or persons interested in a decedent's estate, for the Commonwealth never pays the tax or gives security for its payment; and that in every event the "paying" and "giving security to pay" are joined together, as are, also, the "costs" and the "tax." It necessarily follows that an appellant may perfect his appeal by "paying......all costs, together with whatever tax shall be fixed by the court"; or he may do so by "giving security to pay all costs, together with whatever tax shall be fixed by the court."

There is no more difficulty in the court fixing the amount of the tax for the purpose of payment, than for the purpose of giving security. If the Commonwealth and the decedent's representative cannot agree that it is the amount assessed by the register of wills, although, as already pointed out, all such appeals are to be by those alleged to be liable for the tax, then the court may readily determine the amount by hearing both parties, or may provide therefor by a rule of court.

From another point of view the same conclusion is reached. Section 38 of the statute (P. L. 531), provides that, if the estate pays the tax within three months, it shall be allowed five per cent discount; if it does not pay within a year, it shall pay twelve per cent interest. A later provision of the same section provides for a reduction of the interest if the delay occurs through no fault of the executors; but no excuse will avail, so far as concerns the five per cent discount; the tax must be paid within the three months, or no discount will be allowed. It follows that, if the decision of the court below is sustained, the estate is certain to lose, and the Commonwealth, with equal certainty, will gain nothing, no matter what course is taken, unless the possibility of getting money to which she is not entitled can be considered a gain, which of course it cannot be. If an estate enters security when it takes an appeal, it will be practically impossible to obtain a decision before the expiration of three months from testator's death, and hence, under such circumstances, the five per cent discount will always be lost; and if the executor pays the amount assessed by the register instead of entering security, the appeal will be dismissed for this reason alone, the estate thus losing the right to have the decision of the register reviewed. On the other hand, if the Commonwealth is paid the tax before the appeal is taken, it will have in hand at least as much as it is entitled to receive,—the appeal being by the estate,—and will run none of the risks which the giving

of security necessarily entails. Thus, she will gain nothing by the estate being compelled to enter security, if it wishes to appeal, and may lose if it does. Under similar circumstances, we said in Uhler v. Moses, 200 Pa. 498, 503, that "a court, unless imperatively commanded by the words of a statute, will not presume such an intention on the part of the law-making body," and this maxim we reassert and apply here.

The decree of the court below is reversed and the record is remitted that the appeal to the court below may be duly heard and determined on the merits.