## Patterson's Estate

The facts appear from the opinion of

LAMORELLE, P. J., Hearing Judge.—Testator died April 25, 1929, in Philadelphia, leaving a will and codicils duly probated at Philadelphia, and on

which letters testamentary were granted to John Cadwalader, Jr., the executor named in the will, on May 1, 1929.

After making a number of pecuniary and specific bequests, testator gave the residue of his estate, real and personal, share and share alike, to The Washington and Jefferson College, Pennsylvania, The Washington and Lee University, Virginia, The Western Theological Seminary, Allegheny City, Pa., and Princeton University, New Jersey. All of the distributees are collaterals.

On July 23, 1929, transfer inheritance tax was paid at the rate of ten per cent., less five per cent., on the sum of $185,000 on account of the personal property by the executor to the register of wills. The said sum of $185,000 was arrived at without any appraisement of the assets and without the allowance of any deductions.

Testator, under date of April 17, 1920, signed a note, by which he agreed to pay Loren E. Kimball $20,000 in five years, with interest at the rate of six per cent. per annum, and for such further time as said principal sum or any part thereof should remain unpaid; and on the margin of said note is a notation that it is secured by mortgage of real estate in Northeast Harbor, Me.

Prior to the death of testator, as appears by endorsement on the note, testator paid $5000 on account of the principal, and also the interest in full to the date of payment.

The mortgage is in form a conveyance of said premises for the consideration of $20,000 paid to testator by said Kimball, with the proviso if the said testator, his heirs, executors or administrators, pay said $20,000 in five years from the date thereof, with interest, etc., that "this deed, as also one certain promissory note bearing even date herewith with these presents . . . shall be void."

Loren E. Kimball, the payee of the note, at the time of the making thereof was and continued to the date of the death of testator to be a resident of the State of Maine.

On March 19, 1931, the executor made a payment of $5000 to said Loren E. Kimball, and on July 1, 1931, the said Loren E. Kimball executed a writing which recited the fact that he was the owner of said mortgage and also the owner of the note and debt secured by said mortgage, and he extended the time "for payment of the remainder of the principal sum secured by the said mortgage" to April 17, 1934. Credit is taken in the account for the payment of said sum of $5000 as aforesaid.

The real estate at Northeast Harbor, Maine, is appraised by the taxing officials of the State of Maine at $40,000, and, as appears from the account, there was paid to the State of Maine, under date of February 20, 1930, inheritance tax on said real estate and also on certain personal property situated in the State of Maine in the sum of $2076.37, and on February 5, 1931, there was received as a refund from the State of Maine a portion of the tax paid "on application therefor as excess due to noninclusion and nonallowance of certain deductions (mortgage on Northeast Harbor property, etc.)" the sum of $431.38.

At the audit of said account the executor presented his petition for distribution, wherein he recited: "All debts of decedent of which the executor had notice have been paid, as appears by the account; there are no outstanding claims of creditors."

The said Kimball did not make any claim at such audit for the balance of the $10,000 due on said note, nor did he ask that the sum of $10,000 should be reserved by the executor pending the expiration of the extension of time.

From the adjudication filed July 3, 1931, and the schedule annexed thereto,

it appears that $43,575.84 was reserved for future accounting. This sum was withheld from distribution in order to meet certain expenses incident to the preservation of the real estate and until such time as at least one of the pieces of real estate could be sold. This was done at the request of the four residuary legatees.

On July 14, 1931, a final appraisement of transfer inheritance tax was made, and the register of wills was then requested to allow as a deduction the debt of $15,000. He declined to allow the same, and hence the appeal.

Loren E. Kimball instituted no legal proceedings of any kind to collect the principal sum and interest due on said mortgage.

The briefs submitted refer to the law of Maine, but there is no proof submitted of what that law is. In the absence of any proof on the subject, the hearing judge applies the law of the State of Pennsylvania, and he rules that, in construing the will with reference to the real estate in the State of Maine, the law of Pennsylvania governs.

The question for determination is whether said sum of $15,000 should be allowed as a deduction in assessing transfer inheritance tax in the State of Pennsylvania, in view of the fact that said sum has already been allowed as a deduction in assessing transfer inheritance tax due to the State of Maine.

It is to be remembered that while it is the duty of the executor to pay the tax on the personal property, no such duty is imposed upon him with respect to the real estate. Therefore, we must assume that in paying the tax on the real estate, both in Maine and in Pennsylvania, the executor acted as agent for the devisees.

The hearing judge is of opinion, and so rules, that at the death of testator the said sum of $15,000 was a debt due by the testator, and that the said Loren E. Kimball was entitled to receive payment of said sum from the executor, but it does not follow from this that the residuary legatees are not entitled to be subrogated to the rights of the Commonwealth as against the devisees, for section eighteen of the Wills Act of 1917 provides as follows:

"Unless the testator shall otherwise direct by his will, the devisee of real estate which is subject to mortgage shall take subject thereto, and shall not be entitled to exoneration out of the other estate of the testator, real or personal; and this whether the mortgage was created by the testator or by a previous owner or owners, and notwithstanding any general direction by the testator that his debts be paid."

In this case the devisees of the real estate are entitled to the residue of the personal property, and the question of exoneration becomes an academic one. However, their attitude in connection with the real estate in Maine and whether they considered that it had been devised to them cum onere must be taken into consideration.

The executor asked that the sum of $15,000 be deducted in determining the amount of tax due the State of Maine, and, as already stated, he must be considered as having acted as agent for them. This constituted an election to take cum onere and as giving up the right of exoneration, if such exoneration did exist.

The State of Maine allowed the deduction, and it is a fair inference that it proceeded on the theory that testator intended to devise, not the real estate, but the equity therein.

To allow a deduction of $15,000 in assessing the tax due to the State of Pennsylvania when the devisees of the real estate in Maine were allowed the deduction in assessing the tax due to said state, in the opinion of the auditing judge, would be inequitable. The deduction of $15,000 cannot be

allowed twice. If it had not been allowed as a deduction in assessing tax in the State of Maine, the court would without hesitation allow it as a deduction in assessing tax in the State of Pennsylvania. The devisees, however, have gotten the benefit of the deduction in the State of Maine, and, so far as the record discloses, there is no intention on their part to pay the State of Maine additional tax on the $15,000 if a deduction of $15,000 is allowed by the hearing judge.

And now, to wit, June 3, 1932, the appeal from the assessment of transfer inheritance tax is dismissed.

*John Cadwalader*, for exceptions.

*William M. Boenning*, for Commonwealth of Pennsylvania, contra.

STEARNE, J., October 28, 1932.—Were it not for the decision of the Supreme Court in Nicholson's Estate, 300 Pa. 299, we would have very grave doubt concerning the propriety of the present appeal.

At the audit of the account of the executor, payment of the transfer inheritance tax was vouched, which by subsequent tax appraisement was found to be overpaid in the sum of $345.67. Because of the refusal of the tax appraiser to allow an additional deduction of $15,000, the overpayment of the tax is alleged to be $1845.67 instead of the sum of $345.67, as stated above. The record discloses that the tax was actually paid on July 23, 1929, without an appraisal. Under section forty of the Act of June 20, 1919, P. L. 521, all applications for refund for taxes erroneously paid "shall be made within two years from the date of payment." If such application has been properly completed within such statutory period, then, of course, we assume that a tax appraisement and assessment is required to be made under sections ten to thirteen, inclusive, of the Act of 1919, in order to establish the basis for the claim for refund. It is upon this assumption that we have reviewed the appeal.

Section two of the Act of 1919, and its supplements, imposes a transfer inheritance tax upon "the clear value of the property . . . passing. . . ." This executor presented his account, which showed a balance for distribution, and the whole estate was awarded and passed by the auditing judge to the persons entitled thereto under the terms of the will. The $15,000 mortgage note, now claimed as an allowable deduction, was never presented to the auditing judge as a claim against the decedent's estate. After an adjudication and the award of the balance for distribution by an auditing judge, it would seem too clear for the citation of authorities that a fiduciary cannot with impunity thereafter pay and deduct from the balance so awarded a claim which he determines is due and payable. Yet this is precisely what the petitioner seeks to do. In Borie's Estate, 13 D. & C. 355, we endeavored to outline the practice and procedure for an inheritance appraisal and assessment. The Commonwealth is not bound by the appraisement of the assets of the estate as they may appear in the inventory and appraisement or in the account. Naturally, no action on the part of the fiduciary, or of the parties in interest, may deprive the Commonwealth of its rights as respects the property subject to tax. On the other hand, in ascertaining the clear value of the taxable estate, the only deductions allowable under section two of the Act of 1919 (except those relating to burial lots and tombstones under the amending Act of 1925) are "the debts of the decedent and the expenses of the administration:" Borie's Estate, supra, page 356. As a claim under the note in question was never presented to the auditing judge, and the entire balance was awarded by him in accordance with the provisions of the will, this note

ceased to be a debt of the decedent chargeable against any of the property set forth in the account, and so awarded by the auditing judge, and which is the only property submitted by the petitioner for tax appraisement.

We agree with the learned hearing judge that the appeal is without merit.

Accordingly, the exceptions are dismissed and the decree directed to be entered is made absolute.