## Elk County Commissioners' Petition

*John G. Whitmore,* for petitioners.

BAIRD, P. J., December 7, 1933.—The Commissioners of Elk County, Pa., ex officio directors of the poor of the Elk County Poor District, have presented a petition for leave to borrow money and incur indebtedness in the aggregate amount of $85,000, for the purpose of refunding temporary loans heretofore

made in alleviating unemployment distress, and to provide funds for similar future expenditures, purporting to be drawn under the provisions of the Act of May 26, 1933, P. L. 1065. That act is entitled: "An act authorizing counties, cities, boroughs, incorporated towns, and townships to incur indebtedness and issue bonds for certain purposes", and provides that, for the purpose of funding and refunding temporary loans made in alleviating unemployment distress, and to provide funds for similar future expenditures, the authorities of any "county, city, borough, incorporated town or township in this Commonwealth are authorized, with the approval of the court of quarter sessions, to borrow money and incur indebtedness . . .; and to issue, as evidence thereof, registered or coupon serial bonds, . . . and to negotiate the same, for the purpose of raising the money necessary to carry out the provisions of this act;" etc.

Poor districts are not, by name, included within the provisions of the act, although, as shown by Judge Koch in Tosh v. Schlottman, 2 D. & C., 256, in an historical review of poor legislation in this Commonwealth, we have had poor districts and overseers of the poor ever since the passage of the Act of January 12, 1705, 2 Pa. Stat. at L. 251, and as stated by Mr. Justice Schaffer in Commonwealth ex rel., v. Reese et al., 293 Pa. 398, at the time of the passage of the General Poor Relief Act of 1925, "there were 583 poor districts in the State, 44 of them were county unit districts." Surely, therefore, poor districts are as well established in the laws of the State as is any other unit or agency of Government, and there is nothing either in the title to the act in question or its body to indicate they were intended to be included in its provisions.

In construing a statute, the courts are not justified in adding to it unless this is necessary in order to give effect to the evident intent of the legislature: Nicholson's Estate, 300 Pa. 299; Catlin v. Pickett & Co. et al., 262 Pa. 351.

Now, December 7, 1933, approval of the proposed issue of bonds is refused.

From John H. Cartwright, Ridgway, Pa.